ORIGINAL

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 15 2004

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1  Michael D. Kinkley
   Michael D. Kinkley P.S.
2  Spokane, WA 99207
   (509) 484-5611
3  Attorney for Plaintiff

4

## UNITED STATES DISTRICT COURT

5

## FOR THE EASTERN DISTRICT OF WASHINGTON

6

7

8  Chauncey Thoeny,              )  Case No.: **CV-04-0199-FVS**
                                 )
9          Plaintiff,            )
                                 )  COMPLAINT
10         vs.                   )
                                 )
11 Aetna Adjustment Company, Inc.; Lea )
   T. Roth and John Doe Roth, husband )  (Unlawful Debt Collection Practices)
12 and wife.                     )
                                 )
13         Defendants.           )

14         Chauncey Thoeny, by and through his attorney, Michael D. Kinkley of

15 Michael D. Kinkley, P.S., alleges the following:

16

17

18                         I.  NATURE OF ACTION

19 This is an action for damages and remedies against defendants Aetna Adjustment

20 Company, Inc.; Lea T. Roth and John Doe Roth, wife and husband.; pursuant to

21 the Fair Debt Collection Practices Act, 15 USC § 1692, et seq., (hereinafter

22 "FDCPA"); for damages and remedies pursuant to the State of Washington

23

24 Collection Agency Act, RCW 19.16, and especially the Prohibited Debt Collection

25

Complaint - 1

*Michael D. Kinkley P.S.*
N. 4407 Division , Suite 914,
Spokane, WA 99207
(509) 484-5611

Practices Section, RCW 19.16.250, (WCAA) which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices;  and for damages and remedies pursuant to the Washington State Consumer Protection Act (RCW 19.86 et seq.)  ("WCPA"); and for wrongful garnishment under Washington State Law.

## II. JURISDICTION & VENUE

2.1  Jurisdiction of this Court arises under 15 USC § 1692k(d), 28 USC § 1337, and 28 USC § 1331. Supplemental jurisdiction exists for state law claims pursuant to 28 USC § 1367.  Declaratory relief is available pursuant to 28 USC § 2201 and § 2202.

2.2  Venue of this Court is appropriate since the events alleged in this complaint occurred in Eastern District Washington, and the plaintiff resides within the territorial jurisdiction of the court.

2.3

## III. FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

3.1  Plaintiff, is a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

3.2  Defendants Aetna Adjustment Company, Inc.; Lea T. Roth were each attempting to collect a "debt" as defined by FDCPA, 15 USC § 1692a(5).

Complaint - 2

*Michael D. Kinkley P.S.*
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611

3.3 The alleged debt was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.4 Defendants Aetna Adjustment Company, Inc.; Lea T. Roth and John Doe Roth, wife and husband are each "debt collectors" as defined by FDCPA, 15 USC § 1692a(6).

3.5

## IV. PARTIES

4.1 Now, and at all relevant times, Mr. Chauncey Thoeny was a resident of the state of Washington residing within the territorial jurisdictional area of the United States District Court for the Eastern District of Washington.

4.2 Defendant Aetna Adjustment Company, Inc. is a Washington Corporation engaged in the business of collecting debts within the State of Washington which were originally owed another with its principal place of business in Washington located at 1424 N. Argonne Rd., Spokane, WA, 99212.

4.3 The principal purpose of Defendant Aetna Adjustment Company, Inc.'s business activities is the collection of debts originally owed another using the mails and telephone.

4.4    Defendant Aetna Adjustment Company, Inc. regularly attempts to collect

debts alleged to be due another or alleged to be originally owed to another.

4.5    Defendant Aetna Adjustment Company, Inc. is doing business as a "debt

collector" in the Eastern District of Washington of the United States District

Court as defined by the FDCPA, 15 USC § 1692a(6).

4.6    Defendant Lea T. Roth regularly attempts to collect debts alleged to be due

another or alleged to be originally owed to another.

4.7    All acts done by Lea T. Roth were done on her own behalf and on behalf of

John Doe Roth, whose true name is unknown, and on behalf of Aetna

Adjustment Company, Inc.

4.8    All acts done by the collectors for Aetna Adjustment Company, Inc. were

done on behalf Aetna Adjustment Company, Inc.

4.9

## V. FACTS

5.1.    On April 12, 2001, Michael Beyer, on behalf of Aetna Adjustment

Company, Inc. filed a Summons and Complaint filed in Spokane County

District Court.

5.2.    On August 14, 2001, defendant Aetna filed an "Affidavit of Service

Summons and Complaint" signed by Pete Terhaar allegedly on April 19,

Complaint - 4

*Michael D. Kinkley P.S.*
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611

2001 alleging service on defendant Chauncey C. Thoeny by delivery to

Defendant's father at 25302 E. Marve Lane Newman Lake, WA.

5.3.   Mr. Chauncey Thoeny did not live at his father's home.

5.4.   On August 8, 2001, a Judgment was entered against Plaintiff Chauncey

Thoeny by District Court Judge Harold Clark.

5.5.   On August 14, 2001, Plaintiff Aetna Adjustment Company, Inc. through its

attorney Michael Beyer filed Motion and Affidavit for Default Judgment and

Default Judgment".

5.6.   On September 6, 2001, defendant Plaintiff Aetna Adjustment Co., Inc

through its attorney Michael Beyer obtained a Writ of garnishment "A" from

the Washington State, Spokane County District Court Clerk as a continuing

lien on earnings on Mr. Chauncey Thoeny's wages against Adenbeck's

Electrical Contractors, Garnishee Defendant.

5.7.   On September 21, 2001, Garnishee Defendant, Adenbeck's Electrical

Contractors filed an Answer indicating that it was withholding wages from

Chauncey Thoeney.

5.8.   On October 22, 2001, Attorney Howard Herman called attorney Michael

Beyer at the phone number on the pleadings, but the phone was answered by

Complaint - 5

a representative of Aetna Adjustment Company, Inc.  Mr. Howard Herman notified Defendant Aetna Adjustment that he had reviewed the court file and the judgment against Chauncey Thoeny was void for failure of service of the Summons and Complaint, and that the affidavit of service does not even allege adequate service on its face.

5.9.   On October 25, 2001, Defendant Aetna, through attorney Michael Beyer, filed a "Release of Garnishment"

5.10.  On October 24, 2002, Defendant Aetna Adjustment Co., Inc through its attorney Michael Beyer obtained a Writ of garnishment "B" (continuing lien on earnings) from the Washington State, Spokane County District Court Clerk as a continuing lien on Chauncey Thoeny's earnings against Adenbeck's Electrical Contractors, Garnishee Defendant.

5.11.  On December 3, 2002, Garnishee Defendant, Adenbeck's Electrical Contractors filed an Answer indicating that it was withholding wages from Chauncey Thoeney.

5.12.  On February 10, 2003, Garnishee Defendant, Adenbeck's Electrical Contractors filed a second Answer indicating that it was withholding wages from Chauncey Thoeny.

Complaint - 6

Michael D. Kinkley P.S.
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611

5.13. On June 11, 2003, Plaintiff Chauncey Thoeny filed in the Spokane County District court and served on Aetna Adjustment Co., Inc.: a Motion to Quash the Garnishment B, a Motion to Vacate the Default Judgment, Declaration of Chauncey Thoeny, Declaration of attorney Howard Herman, Declaration of Adrienne Thoeny, a Memorandum Regarding Vacating Judgment for Lack of Personal Jurisdiction, and exhibits showing the service a not at Chauncey Thoeny's abode and a Note for hearing scheduling the matter for June 27, 2003, and a Special Notice of Appearance to Contest Jurisdiction.

5.14. On June 16, 2003, Aetna Adjustment Company filed a "release of garnishment" which at that time had no legal effect under Washington law.

5.15. On June 20, 2003, Chauncey Thoeny obtained an ex-parte Order to Show Cause why the Default Judgment should not be vacated, ordering defendants to appear on June 27, 2003, and show cause why the default Judgment should not be vacated.

5.16. On June 20, 2003, Aetna Adjustment Company, Inc. was served with the Order to Show cause.

5.17. On June 27, 2003, Aetna Adjustment Company, Inc. did not respond to the Order except to appear, without having filed any response, to request a

Complaint - 7

**Michael D. Kinkley P.S.**
N. 4407 Division , Suite 914,
Spokane, WA 99207
(509) 484-5611

continuance of the hearing. Over objection of Chauncey Thoeny, the hearing was continued to July 3, 2003.

5.18. On July 3, 2003, the Spokane County District Court, Judge Gregory Tripp conducted a the hearing regarding the Order to Show why the Default Judgment should not be vacated. Based on defendant Aetna's argument the Spokane County District Court refused to vacate the judgment.

5.19. On July 25, 2003, the hearing was held for Presentment (contested) of the Order Denying Motion to Vacate.

5.20. On July 25, 2003, Chauncey Thoeny entered a timely appeal to the Superior Court for the State of Washington, Spokane County.

5.21. On January 16, 2004, the Appeal hearing was held before Judge Robert Austin of the Spokane County Superior Court.

5.22. On February 20, 2004, Superior Court Judge Robert Austin entered the "Decision Reversing the Spokane County District Court, Vacating for Lack of Personal Jurisdiction the Judgment Entered on August 8, 2001, Quashing Garnishment Writ B, Dismissing the Action."

Complaint - 8

Michael D. Kinkley P.S.
N. 4407 Division , Suite 914
Spokane, WA 99207
(509) 484-5611

5.23.  The Superior Court vacated the default judgment and quashed the

garnishment. Subsequently Chauncey Thoeny's wages were returned to him

only after the judgment of the Superior Court.

5.24.  Defendant Aetna Adjustment garnished Mr. Chauncey Thoeny's wages with

information that the judgment was void.

5.25.  Defendant Lea T. Roth signed an affidavit for garnishment with information

that the judgment was void.

## VI. DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

6.1.  The defendants, by and through their agents and employees, and their

policies and procedures, have violated the FDCPA which has caused damage

to plaintiff and the class.

6.2.  The defendants violated 15 U.S.C. §1692e, and 15 U.S.C. §1692e(3)  by

using false, deceptive, and/or misleading representations and/or means .

6.3.  The defendants violated 15 U.S.C. §1692f by attempting to collect and

collecting a debt using unfair and/or unconscionable means

## VII. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

7.1.  Defendant violated the prohibited practices provisions of the Washington

State statute regulating Collection Agencies and prohibiting certain practices

*Michael D. Kinkley P.S.*
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611

of Collection Agencies doing business in the state of Washington (RCW

19.16).

7.2.   Defendant, by and through its agents and employees, and its policies and

procedures, have violated the WCAA which has caused damage to Plaintiff.


## VIII. VIOLATION OF THE CONSUMER PROTECTION ACT

8.1.   Violation of the Washington State Collection Agency Act is per se in the

public interest and a per se unfair trade practice in violation of the

Washington State Consumer Protection Act.  (RCW 19.16.440).  Defendants

have violated WCCA prohibited practices (RCW 19.16.250).  Defendants

have violated the Washington Administrative code governing the actions of

collection agencies.

8.2.   The business of collection agencies, as well as all acts and practices of

collection agencies, debt collectors, are subject to the Consumer Protection

Act, RCW 19.86 and subsequent sections.

8.3.   The Consumer Protection Act of the State of Washington requires that all

collection agents, debt collectors, abstain from unfair or deceptive practices

or acts.

Complaint - 10

*Michael D. Kinkley P.S.*
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611

8.4.  The defendant, by and through its agents and employees, its policies and

procedures, has engaged in deceptive and unfair acts and practices that have

caused injury to plaintiff.

8.5.  Violation of the WCAA is a per se violation of the WCPA. Defendants have

violated the WCAA prohibited practices. Defendants have violated the

Washington Administrative code governing the actions of collection

agencies.

8.6.  Defendant has engaged in unfair and deceptive acts and practices in

attempting to collect an alleged debt from the plaintiff.

8.7.  Defendant Aetna is in the business of debt collection in trade or commerce.

8.8.  Unlawful and Unfair Debt Collections is against public interest.

8.9.  Wrongful garnishment is against public interest.

8.10. The defendant's actions were the direct cause of the plaintiff's injury to

plaintiff's property. As a result of the defendants' actions, plaintiff lost the

use, possession and enjoyment of his wages.


IX. WRONGFUL GARNISHMENT


Complaint - 11

*Michael D. Kinkley P.S.*
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611

9.1.   Garnishment B was based on a judgment that defendants Aetna and Lea T. Roth knew, or should have known, was void for lack of service of the Summons and Complaint.

9.2.   The garnishment was quashed.

9.3.   The judgment was declared void.

9.4.   Defendants Lea T. Roth and Aetna knew, or should have known, that the Affidavit for Garnishment B was invalid in form and false.

9.5.   Defendants continued to pursue the garnishment after they became aware that the judgment was void.

9.6.   Plaintiff Chauncey Thoeny incurred attorney fees and costs in quashing the garnishment in vacating the judgment.

9.7.   Plaintiff Chauncey Thoeny suffered emotional distress as a result of the continued wrongful garnishment.

9.8.   Plaintiff Chauncey Thoeny was deprived of the use of his wages as a result of the wrongful garnishment.

## X.  DEMAND

WHEREFORE, plaintiff Chauncey Thoeny demands judgment against the defendants Aetna Adjustment Company, Inc.; Lea T. Roth and John Doe Roth, husband and wife, as follows:

Complaint - 12

*Michael D. Kinkley P.S.*
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611

(a)   Actual damages;

(b)   Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1).

(c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

(d)   Costs and reasonable attorney's fees pursuant to the Washington Consumer Protection Act, RCW 19.86;

(e)   Treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86;

(f)   Declaratory Judgment that defendants' practices violate the Fair Debt Collection Practices Act and/or the Washington Consumer Protection Act, and/or Washington Collection Agency Act;

(i)   for such other and further relief as may be just and proper.

DATED this 15th of June, 2004

MICHAEL D. KINKLEY, P.S.

Michael D. Kinkley
Attorney for Plaintiff
WSBA #11624

Complaint - 13

**Michael D. Kinkley P.S.**
N. 4407 Division , Suite 914.
Spokane, WA 99207
(509) 484-5611